PER CURIAM.
| ,This litigation arises out of a train derailment and subsequent chemical release which occurred near Basile, Louisiana in May, 2000. Anthony Crooks, an inmate at the South Louisiana Corrections Center at Basile, filed a Class Action Petition for Damages in August, 2000. In his petition, Crooks alleged that he and others similarly situated suffered physical, mental and economic damages because they were forced by defendant Louisiana Corrections Service, Inc. (LCS) to shelter in place during the aftermath of the accident, resulting in their exposure to hazardous chemicals.
Crooks failed to file a motion for certification within ninety days of service as required by Louisiana Code of Civil Procedure article 592 A(l). In response to this omission, defendant Union Pacific Railroad Company filed a Motion to Strike Class Action Demand and LCS filed a Motion to Strike Class Action. In a March, 2001 judgment, the district court granted defendants’ motions, dismissed Crooks’ class action demand, and designated the judgment as immediately appealable pursuant to Louisiana Code of Civil Procedure article 1915; the judgment noted that Crooks did not oppose the motions and that all parties waived a hearing thereon. Crooks did not appeal the March, 2001 judgment, but rather filed an amending petition listing nearly five hundred people as individual plaintiffs.
In May, 2001, John Spellman, another inmate at the corrections facility, filed a Class Petition for Damages raising allegations substantially similar to those presented in Crooks’ original petition. Thereafter, the district court consolidated the Crooks and Spellman actions upon defendants’ motion.
In May, 2005, LCS filed a peremptory exception of res judicata and motion to strike class action. The exception and motion were denied in December, 2005 and this writ application ensued.
| ^Louisiana Revised Statutes 13:4231(3) provides that a judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. In order for a judgment to bar subsequent litigation, it must be a final judgment that disposes of the merits in whole or in part. See La. R.S. 13:4231 comment (d). The judgment of March, 2001, upon which relator relies in its exception of res judicata, responded to Crooks’ failure to timely move for class certification. It is clear from the record before us that the merits of whether or not class certification was appropriate in that matter were never litigated. Accordingly, the March, 2001 judgment, although designated as final for purposes of immediate appeal, was not a judgment which would support relator’s exception of res judicata.
Under the circumstances presented here, we find no error in the district court’s denial of relator’s exception of res judicata and motion to strike class action. Accordingly, the application hereby is denied.
WRIT DENIED.